## PEOPLE *v.* KEEPERS.

(*Supreme Court, General Term, First Department.* January, 1888.)

LARCENY—INTENT—EVIDENCE.

On a trial for the larceny of jewelry, which had been intrusted to defendant, a broker, for the purpose of selling the same, evidence that three years before the transaction in question he had pawned other jewelry, not shown to have been stolen, is not admissible to show a felonious intent in procuring the goods in question.

Appeal from court of general sessions, New York county.

John Keepers, Jr., was indicted for larceny in the first degree. He was convicted, and now appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Abraham Suydam*, for appellant. *John R. Fellows*, Dist. Atty., and *Mc-Kenzie Semple*, Asst. Dist. Atty., for the People.

BRADY, J. The appellant was indicted for grand larceny, and the charge against him was that on the 16th of August, 1882, he went into the place of business of the plaintiff in this city, and stated that he had a customer for a pair of diamond earrings. He was known at that time as a diamond broker, and selected a pair of earrings of the value of $768, which were delivered to him upon the terms expressed in the following: "These goods are on memorandum, and not charged to account, and are returnable on demand; or, if sold, to be paid for in cash." It was insisted upon the argument that the evidence was wholly insufficient to warrant a conviction, there being none whatever showing a felonious intent. The case of *Weyman* v. *People*, 4 Hun, 511, (affirmed by the court of appeals, 62 N. Y. 623,) was commented upon, and a distinction drawn between it and the present one, in this respect, namely: In that case there was evidence of felonious intent existing at the time the goods were obtained, while here the evidence proved nothing, except that the goods were obtained, and were not returned nor paid for. The proposition seems to be that the felonious intent, if any, was a subsequent creation. It is not deemed necessary to dwell long upon that element of the case. It was submitted to the jury with proper instructions, and unquestioned accuracy as to the rules of law by which the jury were to be governed. But during the trial the appellant was asked whether at the time he was arrested he had not upon his person some pawn-tickets, which was objected to, the objection overruled,

and an exception taken. "*Question*. Do you recollect the diamond ring and stud pawned on September 15, 1885, to W. S. Radcliff, North Sixth street, Philadelphia, for $100?" Objected to; overruled; exception. This ruling was erroneous. It is true that in *Weyman* v. *People*, DANIELS, J., demonstrated that proof of similar transactions to that under investigation was admissible on the question of intent, but they must be so connected as to time, and so similar in their other relations, that the same motive might be reasonably imputed to them all. The occurrences which formed the similar transactions were within a very short period of the time when the crime charged was committed. The testimony objected to, however, related to circumstances which occurred more than three years after the transaction with the complainant herein. There are several objections to the admissibility of that evidence. It does not appear that the diamond ring and stud referred to were stolen, and it is not to be presumed that they were. But if by any stretch of the legal imagination the converse could be held, then the circumstance is too remote. It is not within the rule laid down in *Weyman* v. *People*. It is impossible to say that no prejudicial references were drawn from that proof by the jury, if for no other reason than that it was objected to and admitted, an event which must have impressed the jury with its importance. The objection to it was not technical, but substantial; and, while it may be that the appellant was guilty, it is much more important that he should be tried with strict regard to all the forms of law than that he should be convicted by a departure from them. Rules of evidence are of substance, and not of form only, and must be applied with all possible accuracy, in order that their effect may be justly accomplished. See *People* v. *Baker*, 96 N. Y. 349, 2 N. Y. Crim. R. 218. The judgment should be reversed, and a new trial ordered. All concur.